UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-22658-KMW

ANDRES GOMEZ,

    Plaintiff,

v.

MILLERS ALE HOUSE, INC.

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, MILLER'S ALE HOUSE, INC., hereby files its Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, ANDRES GOMEZ, (D.E. 8) and states as follows:

1. In response to the allegations contained in the first unnumbered paragraph of the Amended Complaint, Defendant denies that Plaintiff is entitled to a permanent injunction requiring a change in Defendant's corporate policies to cause Defendant's Website to become, and remain, accessible.

## INTRODUCTION

2. Defendant admits that the Website at issue in this case is www.millersalehouse.com. Defendant denies the remaining allegations contained in Paragraph 1 of the Amended Complaint.

3. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Amended Complaint.

4. Defendant is without sufficient knowledge to admit or deny the allegation that "[b]lind and visually impaired consumers must use screen reading software or other assistive technologies in order to access website content." Defendant is without sufficient knowledge to admit or deny the vague allegations contained in Paragraph 3 of the Amended Complaint without knowing what "digital barriers" plaintiff alleges he encountered on Defendant's Website.

5. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of the Amended Complaint.

6. In response to Paragraph 5 of the Amended Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. Defendant denies that it has violated Title III of the ADA and that its Website must comply with the WCAG 2.0 AA requirements. Defendant also denies that Plaintiff is entitled to a permanent injunction requiring the items set forth in Paragraph 6 of the Amended Complaint including subparagraphs a through e.

## JURISDICTION AND VENUE

8. Defendant does not dispute that the Court has federal question jurisdiction over Title III ADA actions generally as alleged in Paragraph 7 of the Amended Complaint. However, Defendant denies that it has violated the ADA and that Plaintiff is entitled to relief in this action.

9. Defendant admits for venue purposes that it does business in the Southern District of Florida as alleged in Paragraph 8 of the Amended Complaint. Defendant denies any remaining allegations contained in Paragraph 8 of the Amended Complaint.

10. Defendant denies that "a substantial part of the acts and omissions giving rise to the claims occurred" in this judicial district as alleged in Paragraph 9 of the Amended Complaint.

11.     Defendant admits that Plaintiff is seeking declaratory and injunctive relief as alleged in Paragraph 10 of the Amended Complaint. However, Defendant denies that it has violated Title III of the ADA and that Plaintiff is entitled to declaratory and injunctive relief.

## PARTIES

12.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint.

13.     Defendant admits that it is company doing business in this judicial district. Defendant admits that it has physical brick and mortar restaurants throughout the United States. Defendant also admits that it has restaurant located at 3271 N.W. 87th Avenue, Doral, Florida 33172. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint regarding Plaintiff's visits and attempts to visit the Doral restaurant. Defendant denies any remaining allegations contained in Paragraph 12 of the Amended Complaint.

14.     Defendant admits that its restaurants are public accommodations as that term is defined by Title III of the ADA. Defendant denies that its Website is a public accommodation. Defendant admits that its Website contains information about its menu, current specials, and restaurant locations. Defendant denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

## FACTUAL BACKGROUND AND ALLEGATIONS

15.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Amended Complaint.

16.     Defendant is without sufficient knowledge to admit or deny the allegations contained in the first 3 sentences of Paragraph 15 of the Amended Complaint. Defendant admits

that W3C has published WCAG 2.0 regulations. Defendant denies that these regulations are "widely accepted" and have been endorsed by the DOJ as alleged in the last two sentences of Paragraph 15 of the Amended Complaint.

17. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Amended Complaint.

18 Defendant admits that Defendant's Website contains information regarding the restaurants' menu, the location of the restaurants, and the phone number of the restaurants. Defendant denies any remaining allegations contained in Paragraph 17 of the Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

20. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint, including subparts a through e.

26. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of the Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

30. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of the Amended Complaint.

## SUBSTANTIVE VIOLATION

### (Title III of the ADA, 42 U.S.C. §12181 *et sea.*)

31. Defendant reasserts and realleges prior responses to Paragraphs 1 through 31 of the Amended Complaint as set forth herein in response to Paragraph 30 of the Amended Complaint.

32. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 31 of the Amended Complaint.

33. Defendant admits that its Doral restaurant is a place of public accommodation as that term is defined by Title III of the ADA. Defendant denies the remaining allegations contained in Paragraph 32 of the Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

36. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 35 of the Amended Complaint.

37. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 36 of the Amended Complaint.

38. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 37 of the Amended Complaint.

39. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 38 of the Amended Complaint.

40. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 39 of the Amended Complaint.

41. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 40 of the Amended Complaint.

42. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 41 of the Amended Complaint.

43. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained in Paragraph 42 of the Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

45. Defendant denies that it has violated Title III of the ADA and that Plaintiff is entitled to any of the relief set forth in the Prayer for Relief following Paragraph 44 of the Amended Complaint, including subparagraphs a through e.

46. Defendant hereby denies any allegation not specifically admitted herein.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Subject to and without waiving the above denials, Defendant alleges the following further and separate defenses and affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action against Defendant because Plaintiff cannot establish that he was excluded from participation in Defendant's goods, services, facilities, or accommodations because of his disability.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred by Plaintiff's failure to state a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to state a date or dates on which he allegedly encountered barriers on the Website and to identify specific issues encountered on the Website.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the Website is not a public accommodation as that term is defined by 42 U.S.C. § 12182 or as found by the courts in *Kidwell v Florida Commission on Human Relations*, Case No. 2:16-cv-00403-UA (M.D. Fla., Jan. 17, 2017) and *Access Now, Inc. v. Southwest Airlines*, 227 F. Supp.2d 1312 (S.D. Fla. 2002).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to pursue the claims asserted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant's conduct conformed with all applicable statutes, governmental regulations, and applicable industry standards existing at the time of any conduct alleged in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because the statutes alleged in the Amended Complaint do not require accessibility to the Website and/or to all portions of the Website.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because, even if the statutes alleged in the Amended Complaint require accessibility, the absence of any defined standards for website accessibility having the force of law (including the private industry Website Content Accessibility Guidelines cited in the Amended Complaint) renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The United States Department of Justice ("DOJ") issued an Advance Notice of Proposed Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010 ("ANPR").  *See* 75 Fed. Reg. 43, 460, at 43,460 (proposed July 26, 2010) (to be codified 28 C.F.R. pts. 35 and 36).  On January 8, 2012, the DOJ announced that the agency was dividing the rulemakings to proceed with separate notices of proposed rulemakings for Title II and Title III.  *See* Unified Agenda, 78 Fed. Reg. 1317, at 1415 (Jan. 8, 2013).  However, in July 2017 the DOJ announced it was placing the regulations on the inactive list.  Then, on December 26, 2017, the DOJ withdrew the four previously announced ANPRs, pertaining to Title III of the ADA for further review.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the ripeness doctrine because the DOJ has not issued regulations on accessibility standards for private company websites.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant cannot be held liable for violating regulations or standards that do not exist and attempting to enforce the application of such non-existent regulations or standards would constitute a violation of the Due Process Clause of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as neither the ADA, nor the regulations the DOJ has promulgated to date under the ADA, specifically address access to private websites. *See* ANPR (III)(B)(ii).

### TWELFTH AFFIRMATIVE DEFENSE

The required nexus does not exist between the Website and Defendant's physical premises.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the ADA because the Website is not heavily integrated with Defendant's physical premises.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the ADA because any inaccessibility of the Website does not prevent Plaintiff from access to any of Defendant's physical premises.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the ADA because the Website does not operate as a gateway to Defendant's premises.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff made no pre-suit demand that may have brought resolution to this matter and not wasted the Court's limited resources; therefore, Plaintiff should not be awarded any damages, costs, or fees. *See Maracort v. Checker Drive-In Restaurants, Inc.*, 2005, U.S. Dist. LEXIS 2437, 2005 WL 332422 (M.D. Fla. 2005).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint and the causes of action alleged therein are barred by the doctrine of mootness, to the extent that the barriers alleged by Plaintiff, if any exist, have been or will be remediated when this action is finally adjudicated.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant states that to the extent that no accessibility issues remain or that Defendant has a plan in place to make the necessary modifications to eliminate any existing access barriers within its control, the litigation instituted by Plaintiff cannot serve as the basis for attorneys' fees or injunctive relief in this action. *See Buckhannon Board and Care Home, Inc. v. West Va. Dep't of Health and Human Resources,* 532 U.S. 598 (2001) (holding that plaintiff whose case is the catalyst for a voluntary change that provides the relief sought or who settles is not a "prevailing party" for purposes of civil rights attorney's fees provisions).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as the Defendant has made or is in the process of making modifications in accordance with the ADA such that, to the maximum extent feasible, places of public accommodation will be readily accessible to and usable by individuals with disabilities, including individuals who are visually impaired and any additional alterations are technically infeasible.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Defendant is in the process of making changes to its policies, practices and/or procedures to accommodate Plaintiff's alleged disabilities before it learned of this lawsuit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the purported barriers are *de minimis* and/or within conventional industry tolerances and provided effective access to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant was ready, willing, and able to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported policies, practices, procedures, and/or the conditions alleged by Plaintiff in his Amended Complaint no longer exist or have never existed, accordingly, Plaintiff will not be subjected to the same purported barrier(s).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred in whole or in part to the extent Defendant provides equivalent or greater accessibility and usability to Plaintiff and persons with disabilities.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiffs that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The removal of any barriers by Defendant is excused to the extent such barrier removal is infeasible and/or not readily achievable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the proposed modifications or additions would constitute an undue burden on Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken in the place of public accommodation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent the causes of action are based on visits to the Website at issue more than two years before the date the Amended Complaint was filed.

## THIRTIETH AFFIRMATIVE DEFENSE

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Any recovery on the Plaintiff's Amended Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive relief and has an adequate remedies at law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any relief because it is, and has been, Defendant's policy to comply with the ADA and related regulations and/or guidelines.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent Defendant is deemed not to be in compliance with the ADA or related regulations or guidelines, any such noncompliance was caused by third parties who are outside of the direct day to day control of Defendant.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not incurred any actual damages or particularized/concrete injury.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The Amended Complaint is barred in whole or in part to the extent Defendant relied on the directions and directives of experts regarding the accessibility of the Website.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendant's failure to provide reasonable modifications or auxiliary aids or services.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorneys' fees, costs and litigation expenses is barred, in whole or in part, by the inability of Defendant to readily achieve any remedy to the alleged barriers, Defendant's good faith efforts to accommodate persons subject to the ADA, Plaintiff's lack of good faith, and other reasons as may be discovered during the course of this lawsuit.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorneys' fees and costs are barred or limited by mootness and/or lack of subject matter jurisdiction to the extent that the Website identified in the Amended Complaint is in compliance with the ADA or comes into compliance with the applicable requirements of the ADA during the pendency of this litigation and prior to the Court granting Plaintiffs relief.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that they intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the averments of Plaintiff's Amended Complaint, Defendant, MILLER'S ALE HOUSE, INC., respectfully requests that:

(a) Plaintiff's claims be dismissed with prejudice and in their entirety;

(b) Each and every prayer for relief contained in the Amended Complaint be denied;

(c) Judgment be entered in favor of Defendant;

(d) All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

(e) Defendant be granted such other relief as this Court may deem just and proper.

Respectfully submitted this 19th day of August, 2019.

/s/ Elizabeth M. Rodriguez
Elizabeth M. Rodriguez.
Florida Bar No. 821690
Ford & Harrison, LLP
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile:  (305) 808-2101
erodriguez@fordharrison.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s /Elizabeth M. Rodriguez
Attorneys for Defendant

### SERVICE LIST

Alberto R. Leal
The Leal Law Firm, P.A.
9314 Forest Hill Blvd., #62
Wellington, FL 33411
Phone:  561-237-2740
Facsimile: 561-237-2741
E-mail: al@thelealfirm.com
Attorneys for Plaintiff